IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLINTON D. BIGGERS, et al., §
 §
          Plaintiffs, §
 § Civil Action No. 3:10-CV-1182-D
VS. §
 §
BAC HOME LOANS SERVICING, LP §
f/k/a COUNTRYWIDE HOME LOANS §
SERVICING, LP, §
 §
          Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed action by plaintiffs Clinton D. Biggers and Freda Hobson Biggers (the "Biggerses") against defendant BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("BAC") arising from attempts to foreclose on plaintiffs' residential property, BAC moves for summary judgment. For the reasons that follow, the court grants the motion and dismisses this case by judgment filed today.

I

The Biggerses sue BAC on claims for breach of contract, wrongful foreclosure, and negligent misrepresentation, and for violations of the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code Ann. §§ 392.001-.404 (West 2006), and Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2011). After BAC filed the instant summary judgment motion on February 1, 2011, the court granted in part BAC's earlier-filed motion to dismiss under Fed. R.

Civ. P. 12(b)(6). *See Biggers v. BAC Home Loans Servicing, LP*, ___ F.Supp.2d ___, 2011 WL 588059, at *8 (N.D. Tex. Feb. 10, 2011) (Fitzwater, C.J.) ("*Biggers I*"). The court dismissed the Biggerses' breach of contract, wrongful foreclosure, negligent misrepresentation, and DTPA claims for failure to state a claim upon which relief may be granted. *Id.*[1] The court granted the Biggerses leave to replead the DTPA claim, however, because the court had dismissed this claim on grounds raised *sua sponte*. *Id.* The Biggerses filed a second amended complaint on March 3, 2011. Only their TDCPA claim and DTPA claims remain. Although BAC filed its summary judgment motion on February 1, 2011, the Biggerses have not responded to the motion within the time prescribed by N.D. Tex. Civ. R. 7.1(e), and the motion is now ripe for disposition.[2]

II

Because BAC is moving for summary judgment on claims as to which the Biggerses will bear the burden of proof at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the Biggerses' claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once it does so, the Biggerses must go beyond their pleadings and designate

---

[1]The court also dismissed the Biggerses' request for exemplary damages, which the Biggerses styled as a separate cause of action in their first amended complaint.

[2]BAC supplemented its summary judgment motion on March 21, 2011. Even basing the response deadline on the March 21, 2011 filing, the Biggerses' summary judgment response is overdue.

specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the Biggerses. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Biggerses' failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment for BAC is mandatory if the Biggerses fail to meet this burden. *Little*, 37 F.3d at 1076.

Because the Biggerses have not responded to BAC's motion, the court considers BAC's factual assertions to be undisputed. *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]"); *see also Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.) ("Although [plaintiffs'] failure to respond does not permit entry of a 'default' summary judgment, the court is permitted to accept the movant's evidence as undisputed." (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988))).

Furthermore, the court disregards BAC's arguments concerning any claims other than the TDCPA and DTPA claims because the other

causes of action have already been dismissed. The court also disregards the portions of the Biggerses' second amended complaint to the extent that they allege grounds in support of the TDCPA claim that have already been rejected in *Biggers I* (i.e., allegations of wrongdoing based on Tex. Prop. Code Ann. § 51.002(b) (West Supp. 2010)).

III

Under the TDCPA, "[i]n debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: . . . threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8) (West 2006). The Biggerses allege that BAC took actions prohibited by law by failing to give them a valid notice of default and an opportunity to cure at least 20 days before issuing a notice of sale, in violation of Tex. Prop. Code § 51.002(d) (West Supp. 2010), and by threatening to foreclose via substitute trustees when it had no legal authority to do so. The Biggerses also assert that BAC violated the DTPA under Tex. Fin. Code Ann. § 392.404(a) (West 2006) (permitting violation of TDCPA to be treated as actionable deceptive trade practice under DTPA). Because the Biggerses have not responded to BAC's motion, they have failed to adduce evidence that would enable a reasonable jury to find in their favor on their TDCPA or DTPA claim.

The Texas Property Code only requires that the "*mortgage*

*servicer* of the debt shall serve a debtor in default under a deed of trust . . . with written notice by certified mail stating that the debtor is in default under the deed of trust . . . and giving the debtor at least 20 days to cure the default before notice of sale . . . ." Tex. Prop. Code § 51.002(d) (West Supp. 2010) (emphasis added). BAC has produced evidence that such a notice was provided by certified mail in a December 8, 2008 letter and an October 6, 2009 letter clearly identifying BAC (or Countrywide, as it was formerly known[3]) as the mortgage servicer and providing at least 20 days to cure the default. The Biggerses have failed to produce evidence that would enable a reasonable jury to find that there were any representations in these notices of default that BAC owned the loans or to suggest that BAC was not authorized to service the loans on behalf of the noteholder. They have therefore failed to raise a genuine issue of material fact as to whether BAC provided the notice of default required under Tex. Prop. Code § 51.002(d) as servicer of the Biggers loan.

BAC has also pointed to the absence of any evidence supporting the Biggerses' assertions that BAC is not the mortgagee of their loan. BAC has submitted evidence of a corporation assignment of deed of trust/mortgage, executed on May 18, 2010, assigning all beneficial interests of the deed of trust to BAC. While this

---

[3]The Biggerses acknowledge in their second amended complaint that BAC was formerly known as Countrywide Home Loans Servicing LP. Am. Compl. 1.

- 5 -

memorialization proves that BAC had a beneficial interest in the deed no later than May 18, 2010, it is not evidence that BAC lacked the interest at an earlier point. As noted in Tex. Prop. Code § 51.0001(4)(A) (West Supp. 2010), a mortgagee does not solely refer to the last person to whom the security interest has been assigned of record; it may also refer to "the grantee, beneficiary, owner, or holder of a security instrument." That BAC was formally assigned the beneficial interest in the May 18, 2010 document is not evidence that BAC was not the legal beneficiary or holder of the deed of trust at the time it appointed substitute trustees on April 12, 2010. BAC has pointed to an absence of evidence indicating that it had no legal right to appoint substitute trustees and to take actions to foreclose on the Biggerses' property, and the Biggerses have failed to produce evidence that would enable a reasonable jury to find in their favor. BAC is therefore entitled to summary judgment dismissing this ground of the Biggerses' TDCPA claim.

IV

Because the Biggerses' DTPA claim is derivative of their TDCPA claim, BAC is entitled to summary judgment dismissing the DTPA cause of action as well.

* * *

BAC's February 1, 2011 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

May 18, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE